|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | * * * | |

| | | |
|---|---|---|
| MARGARITA CABRAL, et al., | Case No. 2:17-cv-02841-APG-VCF |
| Plaintiffs, | |
| v. | **ORDER GRANTING STIPULATIONS** |
| CAESARS ENTERTAINMENT CORPORATION, et al., | (ECF No. 20) |
| Defendants. | |
| MARY PHELPS, et al., | |
| | Case No. 2:17-cv-02848-APG-CWH |
| Plaintiffs, | |
| v. | (ECF Nos. 20, 22, 23) |
| MGM RESORTS INTERNATIONAL, et al., | |
| Defendants. | |
| MARIA MARTINEZ, et al., | Case No. 2:17-cv-02859-APG-NJK |
| Plaintiffs, | (ECF Nos. 24, 25, 26) |
| v. | |
| LAS VEGAS SANDS CORP, et al., | |
| Defendants. | |
| STEVEN SCHNITZER, et al., | Case No. 2:17-cv-02868-APG-GWF |
| Plaintiffs, | (ECF Nos. 20, 22, 23) |
| v. | |
| WYNN RESORTS, LTD. and WYNN LAS VEGAS, LLC | |
| Defendants. | |

| | |
|---|---|
| KERRI SHAPIRO,<br><br>    Plaintiff,<br><br> v.<br><br>TREASURE ISLAND, LLC and RUFFING ACQUISITION, LLC,<br><br>    Defendants. | Case No. 2:17-cv-02930-APG-CWH |

These cases allege the defendants charged their guests resort fees that included internet access in a manner that violates the Internet Tax Freedom Act. Several such cases have been filed in this District. Some of those cases are pending before me, and some have been assigned to other judges in the District.

The parties to many of these cases have reached an agreement to stay all deadlines and to consolidate the cases already assigned to me solely for the purpose of ruling on an anticipated motion to dismiss for lack of subject matter jurisdiction, to be filed in the *Cabral* case. The parties have agreed to take certain actions in the cases not pending before me based on my ruling on the subject matter jurisdiction issue.

I grant the stipulations in the cases before me. However, I caution the parties that their agreement may not achieve the results they anticipate. I am not the assigned judge in the other cases, so my ruling granting these stipulations has no impact on the deadlines in any cases not assigned to me.

Additionally, I cannot bind other district judges and the parties cannot agree to confer subject matter jurisdiction on a federal court. *See Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir.), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999) (stating "the parties cannot, by their consent, confer jurisdiction upon a federal court in excess of that provided by Article III of the United States Constitution"). Thus, if I ultimately conclude there is jurisdiction in my cases, that does not necessarily mean the other judges will agree. Each judge has an independent obligation to ensure subject matter jurisdiction exists in the cases pending before that judge. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (stating federal

courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

IT IS THEREFORE ORDERED that the following stipulations **are GRANTED**:

- *Cabral v. Caesars Entm't Corp.*, Case No. 2:17-cv-02841-APG-VCF, ECF No. 20;
- *Phelps v. MGM Resorts Int'l*, 2:17-cv-02848-APG-CWH, ECF Nos. 20, 22, 23;
- *Martinez v. Las Vegas Sands Corp.*, 2:17-cv-02859-APG-NJK, ECF Nos. 24, 25, 26; and
- *Schnitzer v. Wynn Resorts, Ltd.*, 2:17-cv-02868-APG-GWF, ECF Nos. 20, 22, 23.

DATED this 22nd day of February, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE